FILED
NOVEMBER 6, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SQUARE D COMPANY and SCHNEIDER ELECTRIC, S.A., | ) ) ) | **07 C 6294** |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. |
| ELECTRONIC SOLUTIONS, INC., and WILLIAM AMBROS, | ) ) ) | Trial By Jury Demanded |
| Defendants. | ) ) ) | |

**JUDGE MORAN**
**MAGISTRATE JUDGE COX**

**CEM**

### VERIFIED COMPLAINT

Plaintiffs Square D Company ("Square D") and Schneider Electric, S.A., ("Schneider Electric"), by their attorneys, and for their Complaint against Defendants, Electronic Solutions, Inc. ("ESI") and William Ambros ("Ambros"), alleges as follows:

### NATURE OF THE ACTION

This action arises from the defendants' intentional, willful and unlawful sale of counterfeit Square D and Schneider Electric products in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a)(1). Plaintiffs seek to recover profits derived by the defendants from their sales of counterfeit Square D and Schneider Electric products, along with compensatory statutory and treble damages, prejudgment interest and attorneys' fees and costs. Plaintiffs also seek to permanently enjoin the defendants from the continued purchase, sale, and distribution of counterfeit products that pose a serious threat to consumer safety.

### PARTIES

1.  Square D Company is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Palatine, Illinois. Square D is a

1822585-1

leading manufacturer and supplier of electrical distribution products for both commercial and consumer applications.

2. Schneider Electric is a corporation organized and existing under the laws of France, and authorized to do business in Illinois.

3. ESI is a corporation organized and existing under the laws of Florida and having its principal place of business in Plant City, Florida. ESI also has an office in Saint Charles, Illinois and does regular and continuous business in Illinois. ESI sells electrical components, including electrical contactors. ESI is not an authorized Square D or Schneider Electric distributor.

4. Ambros is an individual living in Plant City, Florida. Ambros is in the business of selling, inter alia, electrical components, including contactors. Ambros is not an authorized Square D distributor or an authorized Schneider Electric distributor.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 in that Plaintiffs assert causes of action arising under 15 U.S.C. §§ 1114(1) and 1125(a)(1) (Lanham Act).

6. This Court has personal jurisdiction over ESI and Ambros because they are doing business in Illinois, operate an office in Illinois and offer electrical components for sale in Illinois. In addition, ESI and Ambros offer products for sale in Illinois via the internet.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and (b) and because ESI and Ambros are doing business in this District, operate an office in this District and offer electrical components for sale in this District.

## FACTS COMMON TO ALL COUNTS

### Square D's Business

8.  Square D is the North American operating division of Schneider Electric, and is a world leader in the manufacture and distribution of a wide variety of commercial and consumer electrical distribution products and devices. Among Square D's wide product range are circuit breakers, contactors, relays, electric panels, and switches. The SQUARE D trademark – a square circumscribing a square-shaped "D" – is universally recognized throughout the United States as an identifier of quality Square D parts and is registered with the U.S. Patent and Trademark Office (since 1926) under Registration Number 215,776. Attached as Exhibit A is a copy of the certification of the U.S. Patent and Trademark Office website regarding Square D's ownership of the SQUARE D® trademark. The SQUARE D® trademark referenced herein is only one of several federally registered marks owned by Square D as part of its family of SQUARE D® marks. See Exhibit A.

9.  Schneider Electric is also recognized as a world leader in the manufacture and distribution of a wide variety of commercial and consumer electrical distribution products and devices. Schneider Electric holds several trademarks, including the SCHNEIDER ELECTRIC® trademarks and the TELEMECANIQUE® mark. The SCHNEIDER ELECTRIC® trademarks are universally recognized throughout the United States as an identifier of quality Schneider Electric parts and are registered with the U.S. Patent and Trademark Office (since 2001) under Registration Numbers 2,424,546 and 2,491,767. Attached as Exhibits B & C are copies of the certifications of the U.S. Patent and Trademark Office regarding Schneider Electric's ownership of the Schneider Electric® trademarks. The TELEMECANIQUE® mark is universally recognized throughout the United States as an identifier of quality Schneider Electric parts and

are registered with the U.S. Patent and Trademark Office (since 1976) under Registration Number 1,049,948. Attached as Exhibit D is a copy of the certification of the U.S. Patent and Trademark Office of the TELEMECANIQUE® mark.

10. Square D distributes Square D, Telemecanique and Schneider Electric products nationally and internationally through a network of authorized distributors. All of Square D's distributors, including the distributors for the territory encompassing this District and the State of Illinois, sign distributorship agreements. The distributors agree to sell authentic Square D, Telemecanique and Schneider Electric products to customers at competitive prices and to maintain sufficient inventory of Plaintiffs' products to ensure prompt and reliable service to the customer or end-user. Square D's distributorship policies and agreements prohibit authorized distributors from selling Square D's products to unauthorized distributors or wholesalers, such as ESI or Ambros. Square D's distributors may sell only to electrical contractors, industrial accounts, utilities, original equipment manufacturers, or other end-users.

11. Square D's direct sales are generally confined to certain national accounts. All such sales are performed by Square D's employees. Square D does not sell to any unauthorized distributors.

12. The sale of electrical components is highly competitive among manufacturers and distributors. Because of the similarity in function of many electrical components, consumers have a choice in manufacturer of particular items. The reputation of the manufacturer and its distributors, therefore, is vital to the continued economic success of manufacturers of electrical components. Given the competitive environment, it is crucial for Plaintiffs to maintain their reputation of providing high quality products at competitive prices as well as excellent service and availability of product, both directly and through its distributors.

13. Among Plaintiffs' products are the TELEMECANIQUE line of electrical contactors. The TELEMECANIQUE contactors come in varying sizes. A contactor is an electrical relay used to switch a large amount of electrical power through its contacts. Contactors typically have multiple contacts and those contacts are usually (but not always) open, so that power to the load is shut off when the coil is de-energized. The most common industrial use for contactors is the control of electrical motors. Defective and counterfeit contactors can pose serious risks, including property damage, personal injury and destruction of motors controlled by the contactor.

**Counterfeit Contactors and Their Threat to Public Safety**

14. Over the past decade, the counterfeiting of electrical components has increased dramatically. The counterfeit contactors imported and sold by ESI and Ambros bear the TELEMECANIQUE®, SCHNEIDER ELECTRIC® and SQUARE D® trademark symbols and appear to have the same overall configurations of genuine Square D and Schneider Electric products.

15. When counterfeit contactors are installed and subjected to an electrical load, their poor interior quality and inauthentic nature can lead to serious consequences. The counterfeit contactors sold by defendants were found to have inferior plastic, plastic moldings, contact material, improper hardware and assembly errors. These defects carry a risk of shortened electrical life, melting and/or jamming causing motor or load to not shut off, and can lead to an electrical breakdown causing short circuit. The defective nature of counterfeit contactors can cause the contactor to overheat, catch fire and/or explode. Anyone near one of the contactors when it explodes could be injured. If the contactor does not explode, it may nonetheless fail to protect or control the apparatus or motor it was installed to protect or control. Because

counterfeit electrical parts are a genuine threat to consumer safety and, by extension, threaten the good reputation and value of the SQUARE D® and SCHNEIDER ELECTRIC® marks, Plaintiffs vigorously defend their marks and consumers from the hazards posed by counterfeit parts.

**ESI And Ambros Misappropriated Plaintiffs' Marks And Used Them To Sell Products**

16. ESI and Ambros maintain a website, www.electronicsolutionsinc.com, (the "ESI Website").

17. ESI and Ambros offer several different types of electrical components on the ESI website, including components ESI and Ambros represent as having been manufactured by Plaintiffs.

18. ESI and Ambros display the TELEMECANIQUE®, SQUARE D® and SCHNEIDER ELECTRIC® marks on the ESI Website in specific reference to the products they offer for sale. (A copy of screen shots from the ESI Website are attached as Exhibit E).

19. ESI and Ambros also offer electrical components for sale via www.ebay.com, (the "Ebay® Website").

20. ESI and Ambros offer components for sale on the Ebay Website that defendants represent as manufactured by Plaintiffs.

21. Defendants utilize the TELEMECANIQUE®, SQUARE D® and SCHNEIDER ELECTRIC® marks on the Ebay Website in conjunction with their efforts to sell electrical components. (Copies of screen shots from the Ebay Website showing Defendant's use of the marks is attached as Exhibit F).

22. Neither ESI nor Ambros has ever obtained permission to use the TELEMECANIQUE®, SQUARE D® or SCHNEIDER ELECTRIC® marks for any purpose.

1822585-1                                    6

**ESI Sells Counterfeit Square D and Schneider Electric Parts**

23. Neither ESI nor Ambros has an affiliation with either Square D or Schneider Electric, and neither are authorized to sell any of Square D or Schneider Electric's products.

24. On information and belief, during the past several months, ESI and Ambros have sold hundreds of counterfeit Square D, Telemecanique and Schneider Electric parts. Among other sales, ESI and Ambros sold approximately five electrical contactors, all of which were represented to be authentic. Inspection of these contactors confirmed that two of the five were counterfeit. In this manner, defendants co-mingled the counterfeit contactors with outdated, authentic contactors to disguise the counterfeit ones.

25. Specifically, on July 11, 2007, ESI and Ambros sold five (5) electrical contactors bearing the TELEMECANIQUE®, SQUARE D® and SCHNEIDER ELECTRIC® marks to Tsutomu Shimomura. (Copies of the invoice and related documents for the sale are attached as Exhibit G).

26. Suspecting the contactors were not authentic, Mr. Shimomura shipped them to Square D on July 19, 2007.

27. Square D inspected the contactors and discovered that two (2) of the five (5) contactors were counterfeit. (A copy of the report of Mr. Jeff Miller, Senior Engineer at Square D, is attached hereto as Exhibit H).

28. At all relevant times, ESI and Ambros intentionally and deliberately sold counterfeit Square D, Telemecanique and Schneider Electric parts, and knew or should have known that the parts they purchased and sold were counterfeit. ESI and Ambros knew they were not an authorized distributor of Square D, Telemecanique or Schneider Electric products and did not lawfully purchase the parts from Square D or one of its authorized distributors.

29. Notwithstanding this knowledge, ESI and Ambros marketed and represented to customers and potential customers that the products were authentic Square D, Telemecanique and Schneider Electric products. Neither ESI nor Ambros ever informed customers or potential customers that, in fact, they stocked and sold counterfeit Square D and Schneider Electric products.

30. Based upon ESI and Ambros's sale of counterfeit Square D and Schneider Electric products, Plaintiffs have suffered irreparable harm to their reputation and goodwill. Moreover, an innocent consumer present when a counterfeit product fails to work correctly may suffer devastating property damage or the ultimate irreparable harm, personal injury, or death. Plaintiffs have also lost profits that they would have earned through the sale of authentic products through an authorized distributor but for ESI's unlawful distribution of counterfeit products.

## COUNT I

### Sale of Counterfeit Goods in Violation of the Lanham Act/Trade Dress
### 15 U.S.C. §§ 1114 and 1125 (a)(1)

**(All Defendants)**

31. Plaintiffs incorporate the preceding allegations as if fully restated herein.

32. Section 1114(1) of the Lanham Act states:

(1) Any person who shall, without the consent of the registrant --

(a) use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of any goods or services or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy or colorably imitate a registered mark and apply such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale,

distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action or by the registrant hereinafter provided.

33. Section 1125(a)(1)(A) of the Lanham Act provides, in pertinent part:

(1)    Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any work, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of facts, which --

(A)    is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . .

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

34. The SQUARE D® mark, and TELEMECANIQUE® mark are registered trademarks owned by Square D and Schneider Electric, respectively.

35. Square D marks its products with the SQUARE D® trademark. Likewise, Schneider Electric marks its products with the SCHNEIDER ELECTRIC® and TELEMECANIQUE® marks. By virtue of these marks, Square D and Schneider Electric products have a distinctive trade dress. In addition, Plaintiffs' products have a distinct physical appearance and configuration.

36. Products marked with SQUARE D®, SCHNEIDER ELECTRIC® and TELEMECANIQUE® marks are readily identified as Square D and Schneider Electric products, respectively. Because the average consumer would not be able to identify an authentic Square D product from a counterfeit product absent the mark, the presence of the SQUARE D® mark on a product would likely cause consumers to believe that products bearing the marks are authentic when they are, in fact, counterfeit. Likewise, the average consumer would not be able to identify an authentic Schneider Electric product from a counterfeit one absent the SCHNEIDER

ELECTRIC® and TELEMECANIQUE® marks. The presence of the marks on products would likely cause consumers to believe that products bearing those marks are authentic.

37. ESI and Ambros sold and continue to offer for sale counterfeit Square D and Schneider Electric products in interstate commerce.

38. Square D at no time consented to ESI and Ambros's use of Square D's trademarks or trade dress for any purpose, including the advertising of any Square D products, whether authentic or counterfeit.

39. As a result of ESI and Ambros's unlawful marketing and sale of counterfeit goods, Plaintiffs have suffered injury to its reputation and goodwill. In addition, Plaintiffs have suffered injury in the form of lost sales in an amount yet to be determined.

40. Unless ESI and Ambros are restrained from further use of Square D and Schneider Electric marks, Plaintiffs will suffer irreparable harm to their reputation and goodwill and will continue to suffer lost sales. Further, consumers may suffer personal or other injuries unless ESI and Ambros are restrained from selling counterfeit goods.

41. ESI and Ambros's sale of counterfeit goods presents an exceptional case. ESI and Ambros knew, or reasonably should have known, that the electrical products they sold and marketed were not authentic products. In particular, ESI and Ambros knew they were not authorized Square D or Schneider Electric distributors and knew that they did not purchase the contactors through an authorized distributor. ESI and Ambros's sale of contactors was purposeful and knowing and merits a finding that exceptional circumstances exist sufficient to support an award of attorneys' fees and enhanced damages.

## COUNT II

## Unfair Competition
## 15 U.S.C. § 1125 (a)

### (All Defendants)

42.  Plaintiffs incorporate the preceding allegations as if fully restated herein.

43.  In addition to their unauthorized use of Plaintiffs' Marks, defendants' have misappropriated and used Plaintiffs' advertising materials, catalogs and descriptive materials of Plaintiffs' products.

44.  Defendants' unauthorized use of the TELEMECANIQUE®, SCHNEIDER ELECTRIC® and SQUARE D® Marks, as well as Plaintiffs' catalogs and product information, creates a false impression of affiliation and authorization in violation of Section 43(a) of the Lanham Act.

45.  There is a likelihood the public will be confused by Defendants' unauthorized use of plaintiffs' advertising materials and marks.

WHEREFORE, Plaintiffs request this Court to enter judgment in its favor and against ESI and Ambros in an amount to be proved at trial and/or statutory damages; to find that this matter presents an exceptional case meriting an award of costs, including attorneys' fees, and enhanced damages; to enter an order (a) enjoining and restraining ESI and Ambros, and their respective agents, representatives, officers, and employees, from selling counterfeit Square D and Schneider Electric products and (b) requiring ESI and Ambros to account to Plaintiffs for each and every purchase and sale of counterfeit contactors; and for such other and additional relief as the Court deems appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury of all issues triable of right by jury.

Dated: November 5, 2007

Respectfully submitted,

**/s/ Christopher T. Sheean**
Brian W. Lewis (ARDC#6190792)
Christopher T. Sheean (ARDC#6210018)
WILDMAN, HARROLD, ALLEN & DIXON LLP
Attorneys for Plaintiffs
Suite 2800
225 West Wacker Drive
Chicago, Illinois 60606
Telephone No. (312) 201-2000
Facsimile No. (312) 201-2555

1822585-1

## VERIFICATION

I, Tracy Garner, Manager of Anti-Counterfeiting and Unauthorized Distribution for Square D Company, state that I have read the foregoing Verified Complaint, that I have made diligent inquiry into the facts and allegations contained in the Verified Complaint and that the same are true and correct to the best of my knowledge and belief.

_____
Tracy Garner

Subscribed and sworn to before me
this / / day of November, 2007.

_____
Notary Public

My commission expires: _10-9-10_

1822585-1