**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SQUARE D COMPANY and SCHNEIDER ELECTRIC, S.A., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.:  07 C 6294 |
| ELECTRONIC SOLUTIONS, INC., and WILLIAM AMBROS, | ) ) ) ) | Judge James B. Moran |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO OPEN DISCOVERY, COMPEL PRODUCTION OF PURCHASE AND SALE RECORDS AND AWARD SANCTIONS**

Plaintiffs Square D Company ("Square D") and Schneider Electric, S.A. ("Schneider") (collectively "Plaintiffs") move this Court for an order opening discovery and compelling Defendants William Ambros, Electronic Solutions, Inc., and ESI of Central Florida, Inc. to produce records of purchases and sales, and for an award of Plaintiffs' attorneys fees and costs incurred in conducting the inspection.  In support of their motion, Plaintiffs state as follows:

1. Square D is the North American operating division of Schneider Electric, and is a world leader in the manufacture and distribution of a wide variety of commercial and consumer electrical distribution products and devices.  Schneider Electric is also recognized as a world leader in the manufacture and distribution of a wide variety of commercial and consumer electrical distribution products and devices, including TELEMECANIQUE® electrical contactors.

2. Plaintiffs have direct evidence that Defendants distributed and sold counterfeit contactors bearing trademarks owned by Plaintiffs.

3. Counterfeit contactors pose serious fire and electrical shock hazards to innocent consumers. Plaintiffs sought an injunction to bar Defendants from selling electrical components bearing Plaintiffs' trademarks until such time as Plaintiffs have inspected the electrical components in Defendants' possession that bear Plaintiffs' trademarks to identify those that were counterfeit, illegal and potentially dangerous electrical components.

4. Defendants apparently recognized the appropriateness of the injunctive relief, and agreed to the consent order entered by the Court on February 11, 2008. (A copy of the Agreed Consent Order is attached as Exhibit A).

5. Pursuant to the terms of that order, Defendants agreed and were precluded from transferring, selling or otherwise disposing of any products that bear Plaintiffs' trademarks, including Telemecanique,® Square D,® Schneider Electric,® and Merlin Gerin® (the "Products").

6. Pursuant to the Consent Order, Plaintiffs' counsel coordinated with Defendants' counsel to schedule the inspection of Defendants' facility located in Plant City, Florida. Due to scheduling difficulties for both Plaintiffs' counsel and Defendants, the inspection did not occur until April 30, 2008.

7. Prior to the inspection, Plaintiffs' counsel had arranged with Defendants' counsel to have Defendants' paper and electronic records of purchases and sales of the Products available at the inspection. In addition, Defendants' counsel represented to Plaintiffs' counsel that Defendants would make available for imaging all of the computers Defendants utilized in purchasing and selling the Products. (A copy of the April 8, 2008 email confirming Defendants' agreement is attached as Exhibit B).

8.　　Defendant Ambros does business under several aliases, including Defendant ESI, Defendant ESI of Central Florida, Inc., Source Automation, PushButtonsDirect and 123 DirectSource.

9.　　In addition to the website www.electronicsolutions.com, Defendant Ambros operates the sites www.pushbuttonsdirect.com and www.sourceautomation.com.

10.　　On information and belief, Defendant Ambros also offers the Products through his Ebay store, formerly designated "Source Automation," and "Pushbuttonsdirect," and now "123DirectSource." Defendant Ambros used the seller name 123Ambros until April 2008, and now uses 1978Euclid as his seller name on Ebay. (See Exhibit C for a printout of items offered for sale since the entry of the Consent Order).

11.　　As the operator of these Ebay sites, Defendant has made many sales of the Products in direct violation of the Consent Order since the entry of the Consent Order. (See Exhibit D for a printout of the customer feedback on sales made by Defendant Ambros since the entry of the Consent Order).

12.　　Defendant Ambros' sales through his Ebay sites constitute a clear violation of the Consent Order. Plaintiffs' counsel discovered these violations shortly before the inspection, demanded that Defendants cease and desist the sales as they violated the Consent Order, and demanded that the records of purchases and sales made by Defendant Ambros through the various websites be provided at the inspection. Defendants' counsel assured Plaintiffs' counsel that the defendants would discontinue the improper sales of the Products and that records of the purchases and sales would be provided at the inspection.

13. Defendant Ambros made these sales of products in violation of the order without allowing Plaintiffs the opportunity to inspect them to determine whether any of the products being sold were counterfeit.

14. Despite clear records showing that Defendants had made multiple sales of the Products, at the inspection on April 30, 2008 Defendants produced only a handful of outdated items, none of which were the Telemecanique® contactors originally identified as counterfeit. Moreover, Defendants failed to produce any records of purchases and sales, despite the parties' agreement that Defendants would produce such records.

15. Defendants' most egregious conduct related to its alleged computer records. When Plaintiffs' counsel arrived at Defendants' facility, Defendant Ambros stated that he had no electronic records of purchases or sales, despite his counsel's representation to the contrary. After informing Mr. Ambros and his counsel of the parties' agreement, Mr. Ambros produced a laptop, and indicated that Plaintiffs could examine the contents of the laptop computer.

16. In order to obtain a forensic image of the computer, Plaintiffs engaged the services of Verasys LLC, and arranged for Jesus Peña of Verasys to examine and image the computer. After examining the computer, Mr. Peña concluded that the computer had not been used since 2004, and contained no records of purchases or sales since 2001.

17. Based on the pre-suit evidence of counterfeit contactors, as well as the extensive sales of contactors, push buttons and related items, Plaintiffs arranged for two of its engineers, James Renie and Jeffrey Miller, to travel to Plant City, Florida for the inspection.

18. At the inspection, Plaintiffs' counsel and the engineers were unable to make any meaningful conclusions regarding counterfeit products. Defendants' failure to abide by the

Consent Order and make a full and complete production of the products it offers for sale rendered the inspection meaningless.

19. It is also worth noting that, contrary to the representations of Defendants' counsel on April 8, 2008, Defendant Ambros continued to sell the Products, seemingly without interruption. (See Ex. D).

20. Ambros has deprived Plaintiffs of an opportunity to conduct a proper inspection, wasted the time of two of Plaintiffs' engineers on its claims, and the fees and expenses for Plaintiffs' counsel and computer expert.

21. Plaintiffs should be permitted the opportunity to conduct full discovery on these issues, including taking the deposition of Mr. Ambros to ascertain the full extent of his purchase and sale activity.

22. In addition, Plaintiffs should be compelled to produce all records of purchases and sales of the Products from 2006 to the present made by Defendant ESI, Defendant ESI of Central Florida, Inc., Defendant Ambros, and Defendant Ambros' aliases: pushbuttonsdirect.com, Source Automation, 123 Direct Source, 123Ambros and 1978Euclid, including all electronic records of the purchases and sales in Plaintiffs' possession.

23. Finally, Defendants should be ordered to reimburse Plaintiffs all amounts expended in conducting the inspection and preparing the instant motion.

24. Plaintiffs' counsel's total time for the inspection and the drafting of the instant motion was 18.2 hours at $475, for a total of $8,645.00. In addition, Plaintiffs' counsel incurred travel fees of $537.40. (See, the Affidavit of Plaintiffs' counsel, Mr. Christopher T. Sheean, attached hereto as Exhibit E, at ¶ ).

25. Plaintiffs expended $320.45 in travel fees for its engineer, Mr. James Renie, and $310.04 in travel fees for the other engineer, Mr. Jeff Miller.

26. Finally, Verasys, LLC has invoiced Plaintiffs for Mr. Peña's fees and expenses for the computer imaging in the amount of $2,271.50.

27. In total, Plaintiffs wasted $12,084.39 as a result of Defendant's improper and frivolous conduct and misrepresentations relating to the inspection. This Court has the authority pursuant to Rule 37(b)(2)(C) to award Plaintiffs their costs incurred as a result of Defendants' improper conduct.

WHEREFORE, Plaintiffs respectfully request an order from the Court as follows:

a) Opening discovery to allow Plaintiffs' to investigate and obtain facts relating to their claims;

b) Compelling Defendants to produce electronic and paper records of all sales and purchases of products bearing the trademarks Square D®, Schneider Electric®, Telemecanique® and/or Merlin Gerin® from 2006 to the present, including records involving purchases and sales under the tradenames Pushbuttonsdirect, ;Source Automation; 123 Direct Source; 123Ambros; 1978Euclid; Electronic Solutions, Inc., ESI of Central Florida, Inc., and any and all entities owned or controlled by Defendants; and

c) Compelling Defendants to pay Plaintiffs $ to reimburse Plaintiffs for amounts expended on the April 30, 2008 inspection.

Dated: May 14, 2008                                  Respectfully submitted,


                                                     **/s/ Christopher T. Sheean**
                                                     Brian W. Lewis (ARDC#6190792)
                                                     Christopher T. Sheean (ARDC#6210018)
                                                     WILDMAN, HARROLD, ALLEN & DIXON LLP
                                                     Attorneys for Plaintiffs
                                                     Suite 2800
                                                     225 West Wacker Drive
                                                     Chicago, Illinois 60606
                                                     Telephone No. (312) 201-2000
                                                     Facsimile No. (312) 201-2555

## CERTIFICATE OF SERVICE

  Christopher T. Sheean, an attorney, hereby certifies that he caused a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO OPEN DISCOVERY, COMPEL PRODUCTION OF PURCHASE AND SALE RECORDS AND AWARD SANCTIONS** to be served on all parties of record via CM/ECF. on the 14th day of May, 2008.

                   /s/Christopher T. Sheean

Brian W. Lewis (ARDC#6190792)
Christopher T. Sheean (ARDC#6210018)
WILDMAN, HARROLD, ALLEN & DIXON LLP
Attorneys for Plaintiffs
Suite 2800
225 West Wacker Drive
Chicago, Illinois 60606
Telephone No. (312) 201-2000
Facsimile No. (312) 201-2555